STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JANET ELLISON, SAMUEL AND KATHLEEN
MEDINA, BRAD AND TINA AMIOT, GEORGANNA
WILD, MARY LOU SMITH, DENISE HUGHES,
JERRY PRUITT, CARALETA GILBERT, JULIA
KRUSAC, MARY VOJAS, BRIDGETTE
LIPA, JR., KATHLEEN POOLE, PATRICIA GARLAND,
NANCY KNICK, JEFFREY AND LISA SANSCRAINTE,
KAREN JOHNSON, STEVE AND JUDITH LaFLEUR,
SCOTT AND MELISSA SPAGNOL, JOHN AND
HEATHER WEBBER, ARTHUR AND AUDREY
PENWILL, CANDACE DALY, JAMIE McCABE,
JEFFERY KONIARZ, SCOTT AND MELISSA
ELDREDGE, PAUL AND SANDRA McDONAUGH,
CHARLES AND AMY KANDAS, ERIC CHICKOWSKI,
RITA ROY, PETER AND DEBRA COOKE, JR.,
EUGENE POLSKI, LISA FLORIOS, MARLENE BICKFORD,
VERONICA KACHARCZYK, JAMES AND KELLY
LAMBERT, RICK AND DEANNA HOHN, THOMAS
AND NOREEN BATTAGLIA, JOHN AND APRIL SOWDER,
SHERI KEYS, ROBERT AND LOUISE RYAN, RODNEY AND
DENISE CHURCH, PATRICIA RACHILLA, GREGG
AND CONNIE BRIGHTON, JOHN AND REBECCA
BINTINGER, HELEN SOLTESZ, TINA GRIFFIN,
ARDALE AND KAREN JOHNSON, BENJAMIN
LUPPINO, ROB AND KIM HOUPT, RAYMOND
JAVORCKY, GLADYS PRUITT, JESSIE GONZALEZ,
GERALD AND LEE ANN WELLS, CHRIS AND
LISA GRIEVES, JOSEPH AND ORLETHA SANFILIPPO,
GERTRUDE DESZTICH, RICHARDO AND LENUTA
GOMEZ, KENNETH AND LETITIA WARREN,
JERI KNIGHT, JOHNNY CAMPBELL, CHARLES
AND BEVERLY GARCIA, CECELIA BURJA,
EDWARD McGREGOR, ROSEMARY
VONCINA, BOBBY AND SHERRY BRYANT,
PAMELA MARA, CHRISTINE STAN, CHRIS
AND TRACY ROWLEDGE, JAMES AND
JANICE ROSE, JOHANNA R. GAUL,
MICHAEL WALSH, THOMAS AND LINDA BEAR,
DARRYL PELTIER, THERESA WIELGOSZ,
JOSEPH AND ROBERTA SANTORI, MARY
POLISUK, CYNTHIA PAYNE,
SUSAN McBETH, JERI RICHARDS-MULLINS,

02-206446 NZ  2/25/2002
JDG:JAMES J RASHID
ELLISON JANET
vs
ALLEN PARK CITY OF

KOTZ, SANGSTER, WYSOCKI AND BERG, P.C.    ATTORNEYS AND COUNSELORS AT LAW, 400 RENAISSANCE CENTER, SUITE 2555, DETROIT, MICHIGAN 48243-1675

JOHN AND CHAROLET BONACOR, HELEN
LOFTUS, LEANNE FROST, RON AND CINDY
WILDE, ALEX AND MILICA TSIKARIS,
BEN AND ENEDELIA SAUCEDA, GARY AND
MARIAN GRAB, DONALD AND ROSE LLOYD,
HECTOR AND LYDIA VASQUEZ, VANESSA
NORTON, SALLY WILSON, STANLEY BARTOSZCK,
RITA FLORES, MICHAEL FREEMAN,
ALEX KOCSISKO, JOHN QUOZIENTE, HENRY
AND CATHERINE WOLOSZUK, JOAN GRAUMAN,
PATRICK ALBIG, RAYMOND AND PATRICIA
LeBOEUF, UP-GILBERT, KAREN HIEN THI VO-TO,
KENNETH METTES, MICHAEL AND SUSAN
PERDONIK, CLARENCE AND MARGARET
STRONG, TINA GREEN, CHARLES AND ANNE
WHOOLERY, ANDREW AND MARGARET MOSES,
RAY AND BEVERLY GLOD, BRIAN PRZYGOCKI,
GEORGE AND SHERYL ISAC, JANET McCOWAN,
BRIAN PRZYGOCKI, TODD GRAHAM, GARY
STUDZINSKIK, JASON AND JENNIFER WAGONER,
GERALD AND ELLEN FARKAS, BOB AND BARB
BARBOSA, TIM AND NANCY THOMAS, R.L.
HERSHBERGER, CHUCK AND ANNA MORRISON,
CHARLES AND SUSAN MATELIC, JOSE AND
MERCEDES RUIZ, MICHAEL J. FENDEN, JANNA CHALL,
KENNETH AND SUSAN CHALL, DANIEL ESPARZA,
LINDA GRIMM, CLIFF AND STACEY LESSNAU,
LONNIE FIELDS, WILLIAM AND KARI McKINNON,
MICHAEL AND ALICE MICHAEL, ANGELA GRIMM,
ANGELA MICHAELS, RAMZI AND JULIE MALLAH,
MIGUEL AGUILAR, PATSY BRUSSEAU, PATRICK
AND HENRIETTA McELHONE, GARFIELD AND
HATTIE RAYFIELD, DOUG SOLIZ, THOMAS AND
VIRGINIA LAZARSKI, SUSAN SHEERIN, OFELIA
GOMEZ, CINDY THOMA, MARY OLCZAK, CHRIS
BAIER, EDWARD AND PHYLLIS LEHECKA,
CHRISTINE OROZCO, CHARLES AND AURORA
GARLAND, SAMUEL AND JULIA SHEPPARD,
DAVID SMITH, CAROLYN THOMPSON, APRIL KRUSE,
RITA AND PETER FLORES, ROBERT AND
JULIE FRASIER, LISA ANN JARZEBOSKI,
ALEX ZAMOJSKI, MARTHA HOLLAND,
JOHN DOES 1 - 500 and JANE DOES 1 - 500,

     Plaintiffs,

KOTZ, SANGSTER, WYSOCKI AND BERG, P.C.   ATTORNEYS AND COUNSELORS AT LAW, 400 RENAISSANCE CENTER, SUITE 2555, DETROIT, MICHIGAN 48243-1675

v

CITY OF ALLEN PARK, a Municipal
Corporation, and JOHN DOE and JANE DOE
REPRESENTATIVES, EMPLOYEES, OR
AGENTS OF THE CITY OF ALLEN PARK,
Jointly and Severally,

Defendants.

| | |
|---|---|
| KOTZ, SANGSTER, WYSOCKI AND BERG, P.C. | FEENEY KELLETT WIENNER & BUSH |
| By:    Jeffrey M. Sangster (P30791) | By:    S. Thomas Wienner (29233) |
|      Ava K. Ortner (P41886) |      Kathleen J. Kalahar (P60301) |
|      John T. Below (P48677) | Attorneys for Plaintiffs |
| Attorneys for Plaintiffs | 35980 Woodward Ave., 2nd Floor |
| 400 Renaissance Center, Suite 2555 | Bloomfield Hills, MI 48304 |
| Detroit, Michigan 48243-1602 | (248) 594-0303 |
| (313) 259-8300 | |

**COMPLAINT**

**There is a pending civil action arising out of
a similar transaction or occurrence as alleged in this
Complaint before the Honorable James J. Rashid**

Plaintiffs, by and through their attorneys, Kotz, Sangster, Wysocki and Berg, P.C.,

respectfully set forth their Complaint and Jury Demand against Defendants, City of Allen Park,

John Doe and Jane Doe Representatives, Employees, and Agents of the City of Allen Park

(collectively "Defendants"), as follows:

**PARTIES AND JURISDICTION**

1.     This is a Complaint to obtain relief for, among other things, the destruction,

depravation and diminution in value of real property, along with physical and emotional injuries,

pain and suffering and other damages resulting from basement flooding caused by Defendants'

actions.

3

2.      The above captioned Plaintiffs at all relevant times hereto are individuals residing in the City of Allen Park, County of Wayne, Michigan.

3.      Defendant, Allen Park is a municipal entity within the definitions of the statutes and the Constitution of the State of Michigan.

4.      Defendants, John Doe and Jane Doe representatives, employees and agents of Allen Park are individuals working in the City of Allen Park, County of Wayne, Michigan.

5.      Jurisdiction and venue is proper in this Court because the real property damages and personal injury damages at issue transpired in the City of Allen Park, County of Wayne, Michigan.

6.      Jurisdiction in this Court is otherwise appropriate because Plaintiffs seek damages in excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

## GENERAL ALLEGATIONS

7.      On or about September 11, 2000, a large volume of rain befell Allen Park residents, including Plaintiffs.

8.      Plaintiffs' basements were flooded and physically invaded by water and sewage.

9.      Initially, basement flooding measured only one-half inch to two inches.

10.     Allen Park officials/employees then proceeded to work on the sewer system and related facilities, including, upon information and belief, trying to pump and/or divert large volumes of sewer water.

11.     At or about the same time Allen Park worked on the sewer system and related facilities, flood/sewer water elevations reached and exceeded one foot in Plaintiffs' basement, largely destroying property in the basements, including, but not limited to, flooring, paneling,

4

appliances, equipment, personal photo albums, literature, and numerous other keepsakes and personal property items.

12.     Basement flood/sewer water elevations of one foot and more did not dissipate and stood in numerous basements for several hours, confirming long-term and costly property damages for Plaintiffs.

13.     Many of the Plaintiffs had not experienced flooding prior to the events of September 11, 2000, and the action(s) or inaction(s) of Allen Park as referenced herein.

14.     The water and sewage which physically invaded Plaintiffs' property contained raw, untreated sanitary sewer materials, including, but not limited, human waste, dirt, debris, noxious odors, household and commercial chemicals, among other unknown materials.

15.     The water and sewage which flooded and settled on Plaintiffs' property contained an extremely offensive odor.

16.     The water and sewage which entered and settled in Plaintiffs' basements originated from the sewers owned and/or controlled by Defendants.

17.     Defendants operated the sewer system and related facilities in such a way as to cause flooding, sewer water overflow and/or sewer system back-ups on the property of Plaintiffs'.

18.     Defendants knew, or should have known, the sewer system and related facilities would cause and/or substantially increase flooding, sewer water overflow and/or sewer system back-ups on the property of residents of Allen Park, including Plaintiffs'.

19.     Defendants own and/or exercise control over the sewer system which flooded the Plaintiffs' property.

20.    On or before September 11, 2000, Defendants constructed and/or engineered and/or designed and/or maintained the sewer system so as to cause sewer water overflow and/or sewer system back-ups into Plaintiffs' houses.

21.    As a direct and proximate result of Defendants' conduct in constructing and/or engineering and/or designing and/or maintaining the sewer system, Plaintiffs' basements backed up with the contents of the sewer system.

22.    As a result of the basement flooding caused by Defendants, Plaintiffs suffered damages, including, but not limited to, the following:

      A.    Structural real property damages;

      B.    Economic losses;

      C.    Personal property damages;

      D.    Diminution in market value of real property;

      E.    Loss of use and enjoyment of real property;

      F.    Extensive costs, expenses and other losses attendant to cleaning and sanitizing each residence due to the accumulation of bacteria, molds, and other unsanitary conditions caused by basements being flooded by untreated sewage; and

      G.    Illnesses as well as emotional pain and suffering.

23.    Although Allen Park is a governmental entity, it does not enjoy governmental immunity for the acts complained of in this Complaint because the acts of Allen Park and the Defendants constitute, among other things, a trespass, nuisance, trespass-nuisance and/or unconstitutional taking of property.

KOTZ, SANGSTER, WYSOCKI AND BERG, P.C.   ATTORNEYS AND COUNSELORS AT LAW, 400 RENAISSANCE CENTER, SUITE 2555, DETROIT, MICHIGAN 48243-1675

## COUNT I – TRESPASS

Plaintiffs, by and through their attorneys, Kotz, Sangster, Wysocki and Berg, P.C., respectfully complain against Defendants as follows.

24.     Plaintiffs adopt and incorporate all preceding paragraphs, by reference, as though fully stated herein.

25.     Defendants own and/or operate and/or manage and/or maintain the sewer system and related facilities for residents, including Plaintiffs.

26.     By constructing, maintaining, operating, controlling, designing and/or engineering the sewer system, Defendants caused an accumulation of water and sewage on Plaintiffs' property.

27.     Water and sewage accumulated and controlled by Defendants entered, settled, and physically invaded Plaintiffs' land and property.

28.     The water and sewage that entered, settled and physically invaded Plaintiffs' property interfered with Plaintiffs' interest in the exclusive possession of such property and constitute a continuing trespass.

29.     Plaintiffs did not consent to water and sewage physically invading their land and property.

30.     The Defendants' actions caused a trespass on to Plaintiffs' property and were intentional and willful, entitling Plaintiffs to economic damages, non-economic damages, exemplary damages, and attorney fees and costs.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendants in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus attorneys fees, costs, expenses and all allowable and appropriate damages.

7

## COUNT II – NUISANCE

Plaintiffs, by and through their attorneys, Kotz, Sangster, Wysocki and Berg, P.C., respectfully complain against Defendants as follows.

31.    Plaintiffs adopt and incorporate all preceding paragraphs, by reference, as though fully stated herein.

32.    Defendants own and/or operate and/or manage the sewer system and related facilities as part of its duties to residents, including Plaintiffs.

33.    By constructing, maintaining, operating, controlling, designing and/or engineering the sewer system, Defendants caused an accumulation of water and sewage on Plaintiffs' property.

34.    Plaintiffs' did not consent to water and sewage to enter and settle upon their land and property.

35.    By causing water and sewage accumulated and controlled by Defendants to physically invade Plaintiffs' property, Defendants have substantially and unreasonably interfered with the Plaintiffs' use and enjoyment of their property.

36.    Defendants' substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which the Defendants are liable to the Plaintiffs for all damages arising from such nuisance, including economic damages, non-economic damages, exemplary damages, attorney fees and costs.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendants in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus attorneys fees, costs, expenses and all allowable and appropriate damages.

8

## COUNT III – TRESPASS/NUISANCE

Plaintiffs, by and through their attorneys, Kotz, Sangster, Wysocki and Berg, P.C., respectfully complain against Defendants as follows.

37.     Plaintiffs adopt and incorporate all preceding paragraphs, by reference, as though fully stated herein.

38.     By constructing, operating and/or controlling the sewer system, Allen Park and the Defendants caused an accumulation of water and sewage.

39.     Water and sewage controlled and accumulated by Defendants flooded Plaintiffs' property.

40.     The physical invasion and flooding of Plaintiffs' property by water and sewage controlled by Defendants interfered with Plaintiffs' use and enjoyment and exclusive possession of their property and resulted in Plaintiffs suffering economic damages, non-economic damages, exemplary damages, attorney fees and costs.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendants in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus attorneys fees, costs, expenses and all allowable and appropriate damages.

## COUNT IV - STATUTORY TRESPASS (TREBLE DAMAGES) AGAINST ALLEN PARK

Plaintiffs, and all other similarly situated individuals, by and through their attorneys, Kotz, Sangster, Wysocki and Berg, P.C., respectfully complain against the Defendant, City of Allen Park as follows:

41.     Plaintiffs adopt and incorporate all preceding paragraphs, by reference, as though fully stated herein.

9

42.      Allen Park operated and/or managed its sewer system and related facilities as part of its municipal duties.

43.      Allen Park operated and/or managed its sewer system and related facilities in such a way as to cause flooding, sewer water overflow and/or sewer system back-ups on the property of numerous residents, including Plaintiffs.

44.      Allen Park's actions, as set forth herein, constitute a substantial physical invasion of the property of Plaintiffs of Allen Park, causing damage.

45.      The actual physical invasions and trespasses caused by Allen Park damaged property in Plaintiffs' basements, including, but not limited to, flooring, paneling, appliances, equipment, photo albums, keepsakes, and many other personal property items.

46.      Allen Park is a trespasser against the Plaintiffs.

47.      As a result of Allen Park's trespass, Plaintiffs suffered losses and are entitled to economic damages as well as damages for their pain and suffering.

48.      The actions of Defendant, Allen Park, amount to a trespass in violation of MCL 600.2919.

49.      Allen Park's unauthorized and wrongful physical invasion and trespasses against the property of the Plaintiffs has caused damages to the actual physical composition of their property, and thus, Plaintiffs are entitled to treble (3x) damages under MCL 600.2919.

WHEREFORE, Plaintiffs, respectfully demand judgment against the Defendant, City of Allen Park, in an amount in excess of Twenty Five Thousand and 00/100 ($25,000.00) Dollars, plus attorneys' fees, costs and expenses, and all other allowable and appropriate damages.

10

## COUNT V – UNCONSTITUTIONAL TAKING OF PLAINTIFFS' PROPERTY CAUSED BY SEWER WATER OVERFLOW

Plaintiffs, by and through their attorneys, Kotz, Sangster, Wysocki and Berg, P.C., respectfully complain against Defendants as follows.

50.     Plaintiffs adopt and incorporate all preceding paragraphs, by reference, as though fully stated herein.

51.     Article 10 Subsection 2 of the Michigan Constitution states private property shall not be taken without payment of just compensation.

52.     Water and sewage accumulated and/or controlled by Defendants physically invaded and settled upon Plaintiffs' land and property.

53.     The physical invasion of Plaintiffs' property by water and sewage unjustifiably and unlawfully interfered, hindered, prevented and deprived Plaintiffs of their exclusive to utilize their property for the purpose which it was intended to be used.

54.     Plaintiffs have not been paid just compensation for the interference and/or deprivation of their property resulting in an unconstitutional taking of the land and property.

55.     Plaintiffs did not consent to the invasion or unconstitutional taking of their property.

56.     The unconstitutional taking of Plaintiffs' property entitles Plaintiffs' to an award of just compensation, attorney fees and costs.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendants in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus attorneys fees, costs, expenses and all allowable and appropriate damages.

11

Dated: February 22, 2002

**KOTZ, SANGSTER, WYSOCKI
AND BERG, P.C.**

By: _____

Jeffrey M. Sangster (P30791)
John T. Below (P48677)
Attorneys for Plaintiffs
400 Renaissance Center, Suite 2555
Detroit, Michigan 48243-1602
(313) 259-8300

**FEENEY KELLETT WIENNER & BUSH**
S. Thomas Wienner (P29233)
Kathleen J. Kalahar (P60301)
Attorneys for Plaintiffs
35980 Woodward Ave., 2nd Floor
Bloomfield Hills, MI 48304
(248) 594-0303

S.\Bray Class Action\Court\Complaint - Allen Park 10.20.00(2).doc

12